FREDERICK F. SCHAPLEY, Plaintiff, *v.* WINIFRED C. SCHAPLEY, Defendant.

Supreme Court, Onondaga Special Term, July 7, 1924.

Husband and wife — divorce — reference in matrimonial action discretionary with court under Civil Practice Act, § 465 — Rules of Civil Practice, rule 282, prohibiting reference in action for divorce where defendant fails to answer, mandatory — application for reference on stipulation in action for divorce denied where defendant appeared but served unverified answer — orders for reference in matrimonial action should be denied unless answer is verified and affidavit accompanying stipulation sets forth facts indicating defendant intends in good faith to defend action.

The court, in its discretion, may grant or refuse an application for a reference in a matrimonial action under section 465 of the Civil Practice Act. It does not follow as a matter of course upon the consent of the parties.

Rule 282 of the Rules of Civil Practice forbids the granting of reference in an action for divorce, or in any case where the defendant fails to answer. The provisions of the rule are mandatory.

Accordingly, an application on stipulation for a reference in an action for divorce will be denied where the defendant has appeared, but served an unverified answer.

*It seems,* that no order of reference in matrimonial actions should be granted unless the court is assured that the defendant intends in good faith to defend the action, and that the answer is not interposed for reference purposes only. *It seems,* further, that such an order should not be granted unless the answer is verified, and unless there is presented with a stipulation an affidavit of the defendant's attorney to the effect that the answer is interposed not for the purpose of obtaining a reference, but because defendant intends in good faith to defend the action.

MOTION for reference on stipulation in divorce action.

*Thomas H. Ward,* for the plaintiff.

*Robert V. Naylor,* for the defendant.

EDGCOMB, J. This is an action for divorce. The defendant has appeared and served an unverified answer. The attorneys have

agreed that the case may be referred, and this application is made upon such stipulation.

A reference in a matrimonial action does not follow as a matter of course upon the consent of the parties. The court, in its discretion, may grant or refuse the order. Civ. Prac. Act, § 465.

To enable the court to more carefully scrutinize actions of this nature, and in an endeavor to correct certain abuses which had sprung up, the General Rules of Practice were amended in 1896, forbidding, in sweeping terms, the granting of any reference in an action for divorce, or for the annulment of a marriage, in any case where the defendant had failed to answer, and requiring that the proof in such cases must be made to the court in open court. Gen. Rules of Practice, rule 72. That same provision was incorporated in the present Rules of Civil Practice (rule 282). There has been a growing tendency of late, where for some reason or other it is desired to try the action behind closed doors, for the defendant to appear and serve an unverified answer, and for the parties to then stipulate to refer the case. When it comes time for the trial, however, the threatened defense usually vanishes in thin air. In my short experience upon the bench I have granted orders of reference upon the assurance of the attorneys that the case would actually be defended, but when the report of the referee has been presented to me for confirmation I have yet to find a case where the threatened defense has assumed a material form. It is only too apparent that in most cases these unverified answers are interposed solely for the purpose of obtaining a reference, and to enable the parties, through an amicable arrangement, to determine the method in which the action shall be tried, contrary to the manner prescribed by the Rules of Civil Practice. This subterfuge to render rule 282 nugatory should no longer be tolerated. The question of whether or not this rule is a wise provision is not here for consideration. It has been in force since 1896; its provisions are mandatory. It is the duty of the courts to enforce it, and not permit the spirit of the rule to be lightly violated.

Out of the experience of the past spring our various rules of law. From that experience it seems to me that no order of reference in matrimonial actions should be granted unless the court is assured that the defendant intends in good faith to defend the action, and that the answer is not interposed for reference purposes only; that such an order should not be granted unless the answer is verified, and unless there is presented with the stipulation an affidavit of defendant's attorney to the effect that the answer is interposed not for the purpose of obtaining a reference, but because the defendant intends in good faith to defend the action. While an answer in a

divorce case need not necessarily be verified, an unverified pleading does not carry very much weight with the court, and one who asks for the privilege of choosing his own tribunal should be willing to back his defense by his sworn statement. With such assurances I think that the court may well exercise its discretion, and send the case to a referee, if it deems such course proper in the particular action under consideration. If on the trial the defense is abandoned the referee might well refuse to hear the action, and report the matter back to the court.

What has already been said is not intended as a reflection upon the attorneys in this case. They have followed a practice which has too long been prevalent, and which has, I fear, by usage become more or less approved, but which I think should be stopped.

Motion denied.

Ordered accordingly.